PEOPLE, PLAINTIFF AND APPELLEE, *v.* MIRANDA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution for Rape.

No. 1921.—Decided May 11, 1922.

RAPE—PLEADING—INFORMATION.—An information for rape which charges ''that the defendant, Juan Miranda, in Ponce, Porto Rico, part of the judicial district of the same name, lay with the girl under fourteen years of age (naming her) who then and there was not his wife,'' is good and complies with the requirements of subdivision 6 of section 82 of the Code of Criminal Procedure.

The facts are stated in the opinion.

*Mr. L. Tormes* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant was convicted of rape and seeks a reversal upon the ground that the information, which follows the Spanish version of the statute, does not state an offense under the rule announced in *People* v. *Wys,* 25 P. R. R. 473, to the effect that ''If a statute creating an offense fails to

set up the facts constituting it sufficiently to apprise the accused of the precise nature of the charge against him, a more particular statement of the facts will be required in the information."

Section 255 of the Penal Code in the English text defines rape as "an act of sexual intercourse accomplished with a female not the wife of the perpetrator," in certain specified circumstances. The Spanish version says: *"Se comete vio lación, yaciendo con una mujer que no fuere la propia,"* etc.

The information herein charges: "That the defendant, Juan Miranda, in Ponce, Porto Rico, part of the judicial district of the same, lay *(yació)* with the girl under fourteen years of age (naming her) who then and there was not his wife."

The theory of the appeal is that the language used, although following the words of the statute in the Spanish version, does not inform the defendant as to "the nature and cause of the accusation," pursuant to the requirement of section 2 of the Organic Act. Reference is also made to section 82 of the Code of Criminal Procedure which reads in part as follows:

"The information is sufficient if it can be understood therefrom: * * * 6. That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended."

Appellant cites no authority to show the common and ordinary meaning of the verb *"yacer"* in Spanish, when used in the connection indicated, and would have no reason to complain if the judgment were affirmed without passing upon the merits of the question raised in the brief.

To say in English that the defendant "lay with" the prosecutrix would be archaic, perhaps, and might raise some doubt as to the sufficiency of the information. But among the definitions of the verb *"yacer"* Salvat gives the follow-

ing: "Fam. To have sexual intercourse (*acto carnal*) or to sleep with a woman." Escriche, referring to section 453 of the Spanish Code, says: "*Se comete violación, según el mismo, yaciendo con la mujer*" in any of the circumstances which he then proceeds to enumerate.

Thus it would seem that the translators of the Penal Code followed literally the language of the Spanish Code, and that the translation, whether viewed from an historical and classical standpoint or tested by the common everyday use of the words, is neither obscure nor apt to be misunderstood by any defendant of ordinary intelligence.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.